IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| "LILY," "SARAH," PIKES PEAK PROBATE SERVICES as Conservator for "SIERRA," "SOLOMON," "HENLEY," WILLIAM E. DUSSAULT as Guardian ad Litem for "VIOLET," a minor, JANE ROE, as next of friend for "PIA," a minor, "JENNY", and "FIONA." <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL MILLIMAN, <br><br> Defendant. | Case No: 6:22-cv-03329-MDH |

## ANSWER

COMES NOW Defendant Michael Milliman ("Defendant"), by and through his undersigned counsel, for its Answer and Affirmative Defenses to the Complaint of Plaintiffs "LILY," "SARAH," PIKES PEAK PROBATE SERVICES as Conservator for "SIERRA," "SOLOMON," "HENLEY," WILLIAM E. DUSSAULT as Guardian ad Litem for "VIOLET," a minor, JANE ROE, as next of friend for "PIA," a minor, "JENNY", and "FIONA" ("Plaintiffs"). Defendant generally denies all allegations except as set forth below:

## PARTIES

1. "Lily" is currently an adult and resides outside the state of Missouri.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint and therefore denies the same.**

2. "Lily" is the pseudonym for the victim depicted in the Vicky child pornography series.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefore denies the same.**

3. "Sarah" is currently an adult and resides outside the state of Missouri.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint and therefore denies the same.**

4. "Sarah" is the pseudonym for the victim depicture in the Marineland1 child pornography series.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint and therefore denies the same.**

5. "Sierra" is currently a protected person. She appears through her Conservator, Pikes Peak Probate Services, and resides outside the state of Missouri.

**Answer: Defendants lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint and therefore denies the same.**

6. "Sierra" is the pseudonym for the victim depicted in the Jan_Socks1 child pornography series.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint and therefore denies the same.**

7. "Solomon" is currently an adult and resides outside of the state of Missouri.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint and therefore denies the same.**

8. "Solomon" is the pseudonym for the victim depicted in the Lblonde child pornography series.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint and therefore denies the same.**

9. William L.E. Dussault is an attorney licensed in the States of Washington and Colorado and has been appointed Guardian ad Litem for "Violet" who is a minor and resides outside of Missouri.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore denies the same.**

10. "Violet" is a pseudonym for the victim depicted in the At School child pornography series.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint and therefore denies the same.**

11. Jane Roe is a pseudonym for "Pia's" mother and acts as Next Friend for "Pia" who is a minor and resides outside the state of Missouri.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint and therefore denies the same.**

12. "Henley" is currently an adult and resides outside the state of Missouri.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint and therefore denies the same.**

13. "Henley" is the pseudonym for the victim depicted in the BluePillowl child pornography series.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint and therefore denies the same.**

14. "Jenny" is currently an adult and resides outside the state of Missouri.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint and therefore denies the same.**

15. "Jenny" is a pseudonym for the victim of the Jenny child pornography series.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint and therefore denies the same.**

16. "Fiona" is currently an adult and resides outside the state of Missouri.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint and therefore denies the same.**

17. "Fiona" is a pseudonym for a victim depicted in the BluesPinkl child pornography series.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 17 of Plaintiffs' Complaint and therefore denies the same.**

18. Each of the plaintiffs is a person sexually abused as a child and who is depicted in images of child pornography seized from defendant's possession.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint and therefore denies the same.**

19. Each of the plaintiffs is a person sexually abused as a child and who is depicted in images of child pornography seized from defendant's possession.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint and therefore denies the same.**

20. The Defendant is an adult currently in the custody of the United States Bureau of Prisons.

**Answer: Defendant admits the allegations contained in Paragraph 20 of Plaintiffs' Complaint.**

21. On information and belief, the defendant resided in this district prior to his incarceration.

**Answer: Defendant admits the allegations contained in Paragraph 21 of Plaintiffs' Complaint.**

## JURISDICTION AND VENUE

22. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. 1331 because this is a civil action arising under 18 U.S.C. 2255.

**Answer: Defendant admits that this Court has subject matter jurisdiction over Plaintiffs' claims.**

23. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where the Defendant resides and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

**Answer: Defendant is not a resident of this judicial district. Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.**

## FACTS

### *The Defendant Was Convicted of Possession of Child Pornography in Violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2)*

24. Defendant was charged in the United States District Court, Western District of Missouri, in the matter denominated *United States v. Michael Milliman,* WDMO Southern Division, Case No. CR 19-03174-01-CR-S-MDH, with the crime of Possession of Child Pornography in violation of 18 USC 2252(a)(4)(B) and (b)(2). This crime was alleged to have been committed between January 1, 2015 and February 26, 2019.

**Answer: Defendant admits the allegations contained in Paragraph 24 of Plaintiffs' Complaint.**

25. On April 19, 2021, Defendant pleaded guilty to this child pornography offense and was sentenced with a judgment entered against him on July 28, 2021.

**Answer: Defendant admits in part and denies in part the allegations contained in Paragraph 25 of Plaintiffs' Complaint. Defendant declared his intentions to plead guilty on April 19, 2021; the presiding District Court accepted Defendant's guilty plea on June 1, 2021; and entered judgment on July 28. 2021.**

26. As a part of sentencing, Defendant and the Government entered a stipulation which expressly required Defendant to pay restitution to each of the Plaintiffs in this case.

**Answer: Defendant admits the allegations contained in Paragraph 26 of Plaintiffs' Complaint.**

<u>Plaintiffs are Victims of Defendant's Crime of Possession of Child Pornography.</u>

27. Plaintiffs have each elected to receive notices via the United States Department of Justice Victim Notification System (VNS) which alerts them when they are potential victims in investigations by federal law enforcement agencies.

**Answer: With regard to all Plaintiffs except "Henley," Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint and therefore denies the same. With regard to Henley, Defendant affirmatively denies at least in part the allegations contained in Paragraph 27 of Plaintiffs' Complaint. On or about January 3, 2020, some of the very same Plaintiff's counsel in this action signed and filed with the United States Probation Office a document stating that, "when Henley turned**

**18, she elected not to receive VNS notifications because she wanted to distance herself from the past abuse."**

28. Child Victim Identification Program (CVIP) analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on the Defendant's computer to child pornography images of Plaintiffs in NCMEC's database and notified the government of its findings in a CVIP report. Upon information and belief, this CVIP report was supplied to the Defendant's criminal defense attorney.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint and therefore denies the same.**

29. On December 19, 2019, Plaintiffs first received notice from VNS that their child pornography images were among those possessed by Defendant in violation of federal child pornography law.

**Answer: Defendant lacks the information and knowledge to either admit or deny the allegations contained in Paragraph 29 of Plaintiffs' Complaint and therefore denies the same.**

## FIRST CLAIM FOR RELIEF
## 18 U.S.C. § 2255(A)

30. The Plaintiffs repeat and re—allege all prior paragraphs.

**Answer: The allegations contained in Paragraph 30 of Plaintiffs' Complaint do not require a response. To the extent a response is required, Defendant restates and incorporates herein by reference his answers to Paragraphs 1–29, above.**

31. 18 U.S.C. 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. 2252(a)(4)(B) and (b)(2) and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains

or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

**Answer: Paragraph 31 of Plaintiffs' Complaint contains only a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint.**

32. The Defendant pleaded guilty to the predicate federal child pornography crime found at 18 U.S.C. 2252(a)(4)(B) and (b)(2).

**Answer: Paragraph 32 of Plaintiffs' Complaint contains only a legal conclusion to which no answer is required. To the extent an answer is required, Defendant admits in part and denies in part the allegations contained in Paragraph 31 of Plaintiffs' Complaint. Defendant's guilty plea was to 18 U.S.C. 2252(a)(4)(B) only.**

33. 18 U.S.C. § 2252(a)(4)(B) provides that any person commits a federal crime who:

> knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce, or which was produced using material which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.

(b)(2):

> Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both, but if any visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual

> conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

**Answer: Paragraph 33 of Plaintiffs' Complaint contains only a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.**

34. Each Plaintiff is a victim of Defendant's violation of 18 U.S.C.2252(a)(4)(B) and (b)(2).

**Answer: Paragraph 34 of Plaintiffs' Complaint contains only a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint.**

35. The United States Supreme Court in *Paroline v. United States,* 572 U.S. 464, 134 S.Ct. 1710 (2014), *Osborne v. Ohio,* 494 U.S. 103, 110 S.Ct. 1691 (1990), and *New York v. Ferber,* 458 U.S. 757, 102 S. Ct. 3348 (1982), held that victims of child pornography crimes suffer de facto personal injury. Plaintiffs are such victims and therefore as a matter of law have each suffered personal injury as a result of Defendant's federal child pornography crimes.

**Answer: Paragraph 35 of Plaintiffs' Complaint contains only a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.**

36. The Plaintiffs each elect liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

9
CORE/3526721.0003/181605318.4
Case 6:22-cv-03329-MDH   Document 10   Filed 04/25/23   Page 9 of 16

**Answer: Paragraph 36 of Plaintiffs' Complaint contains only a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.**

37. The Plaintiffs are not seeking "actual damages" under 18 U.S.C. 2255.

**Answer: Defendant admits that Plaintiffs' are not seeking actual damages. Defendant denies causing actual damage to any of the Plaintiffs for which they have not been compensated through Defendant's payment of court-ordered restitution.**

### AFFIRMATIVE DEFENSES

1. For further answer and affirmative defense, Defendant states that Plaintiffs' claims are barred by *res judicata*. Following Defendant's sentencing in this judicial district, on August 16, 2021, the United States District Court imposed restitution in the amount of $5,000.00 per complaining witness, which Defendant has paid (a total of $55,000.00).

   a. For Plaintiff "Henley," on or about January 3, 2020, some of the very same counsel in this present action submitted a request to the criminal court (through a letter to the assigned prosecutors that was shared with the court via the United States Probation Office) asking for restitution in the amount of $5,000.00 for Henley, and that "the attorney's fees are included in the $5,000 restitution request."

   b. For Plaintiff "Sierra," on or about January 22, 2020, some of the very same counsel in this present action submitted a request to the criminal court (through a letter to the assigned prosecutors that was shared with the court via the United States Probation Office) asking for restitution in the amount of $10,000.00 for Sierra.

c. For Plaintiff "Sarah," on or about January 22, 2020, some of the very same counsel in this present action submitted a request to the criminal court (through a letter to the assigned prosecutors that was shared with the court via the United States Probation Office) asking for restitution in the amount of $15,000.00 for Sierra, as an "apportioned amount" of her estimated total losses of $2,756,049.68. Those counsel further noted that, as of that writing, there had been 656 orders of restitution for Sarah, though that was only a "relatively small number of cases involving her images." Apportioning losses of $2,756,049.68 across 657 defendants (including Defendant) amounts to $4,194.91 per defendant – less than the $5,000.00 the criminal court ordered and Defendant already has paid her in restitution.

d. For Plaintiff "Solomon," on or about January 22, 2020, some of the very same counsel in this present action submitted a request to the criminal court (through a letter to the assigned prosecutors that was shared with the court via the United States Probation Office) asking for restitution in the amount of $9,000.00 for Solomon, noting estimated total losses of $377,745.74. Those counsel further noted that, as of that writing, there had been 178 prior orders of restitution for Solomon. Apportioning losses of $377,745.74 across 179 defendants (including Defendant) amounts to $2,110.31 per defendant – less than the $5,000.00 the criminal court ordered and Defendant already has paid him in restitution.

e. For Plaintiff "Violet," on or about January 22, 2020, some of the very same counsel in this present action submitted a request to the criminal court

11
CORE/3526721.0003/181605318.4
Case 6:22-cv-03329-MDH   Document 10   Filed 04/25/23   Page 11 of 16

(through a letter to the assigned prosecutors that was shared with the court via the United States Probation Office) asking for restitution in the amount of $10,000.00 for Solomon, noting estimated total losses of $794,118.35 (including "$28,286.35 in expenses related to Violet's restitution requests and also attorneys' fees"). Those counsel further noted that, as of that writing, there had been 150 prior orders of restitution for Violet. Apportioning losses of $794,118.35 across 151 defendants (including Defendant) amounts to $5,259,06 per defendant – slightly more than the $5,000.00 the criminal court ordered and Defendant already has paid her in restitution. Apportioning $28,286.35 in expenses and attorneys' fees across 151 defendants (including Defendant) amounts to $187.33 per defendant.

 f. For Plaintiff "Lily," on or about January 22, 2020, some of the very same counsel in this present action submitted a request to the criminal court (through a letter to the assigned prosecutors that was shared with the court via the United States Probation Office) asking for restitution in the amount of $10,000.00 for Lily, noting estimated total losses of $4,521,423.16. Those counsel further noted that, as of that writing, there had been 1212 prior orders of restitution for Lily. Apportioning losses of $4,521,423.16 across 1213 defendants (including Defendant) amounts to $3,727.47 per defendant – less than the $5,000.00 the criminal court ordered and Defendant already has paid her in restitution.

 g. For Plaintiff "Pia," on or about April 3, 2020, some of the very same counsel in this present action submitted a request to the criminal court (through a

12

CORE/3526721.0003/181605318.4

Case 6:22-cv-03329-MDH   Document 10   Filed 04/25/23   Page 12 of 16

letter to the assigned prosecutors that was shared with the court via the United States Probation Office) asking for restitution in the amount of $5,000.00 for Pia – precisely the amount the criminal court ordered and Defendant already has paid her in restitution.

2. For further answer and affirmative defense, Defendant states that punitive damages would be improper because Plaintiffs' have admitted that they are not seeking "actual damages," and therefore any award of "liquidated damages" would compensate Plaintiffs beyond any actual damages claimed by Plaintiffs or caused by Defendant and would constitute a punitive award against Defendant.

3. For further answer and affirmative defense, Defendant states that Plaintiffs' claims for liquidated damages and/or punitive damages are unconstitutional under the facts of this case in that their Complaint seeks to punish Defendant without protection of the Constitutional safeguards, including but not limited to, proof beyond a reasonable doubt, the right to a speedy trial, the prohibitions against double jeopardy and excess of fines and freedom from self-incrimination during the discovery process and trial, which is guaranteed under the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States.

4. For further answer and affirmative defense, Defendant states that unless Defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages violates Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States.

5. For further answer and affirmative defense, Defendant states he is a resident of a Federal Medical Center located in Butner, North Carolina – *i.e.,* within a judicial district outside

of the Western District of Missouri judicial district, where he is being treated for esophageal cancer of yet-determined stage. This combination of factors renders it impossible for Defendant to assist counsel or otherwise meaningfully participate in his defense, be it during discovery (*e.g.,* appearing at depositions) or at trial – in violation of Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States.

6. For further answer and affirmative defense, Defendant challenges whether, as averred in Paragraph 36 of Plaintiffs' Complaint that, "Plaintiffs each elect liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate." For instance, with regard to Plaintiff "Henley," on or about January 3, 2020, the very same Plaintiff's counsel in this action signed and filed with the United States Probation Office a document stating that, "when Henley turned 18, she elected not to receive VNS notifications because she wanted to distance herself from the past abuse[,]" those counsel went on to say, "Henley has designated us … to represent her in seeking restitution from those who possess or traffic in the images of her childhood abuse." Elsewhere in the Complaint, Plaintiffs' counsel consistently identify when someone was acting on behalf of an individual Plaintiff. *See supra* ¶ 5 ("Sierra … appears through her Conservator"); ¶ 9 ("Violet" has an attorney appointed as her guardian *ad litem*); and ¶ 11 ("Pia'[s]" mother, Jane Roe, acts as Pia's Next Friend). Yet nothing is said about "Henley" who, according to these very Plaintiffs' counsel, does not seem to want to have anything to do with matters such as this, as she "want[s] to distance herself from the past abuse." Clearly, with the possibility of a deposition of "Henley" in this action looming, this might suggest a change of heart, or perhaps a lack of explicit permission to file this suit or pursue relief in her name.

14

The Local Rules of this court provide, "The District's Code of Professional Responsibility is the Rules of Professional Conduct adopted by the Supreme Court of Missouri." L.R. 83.6(c)(1). And the Missouri Bar rules state, "A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to Rule 4-1.2(c), (f) and (g), and shall consult with the client as to the means by which they are to be pursued." Mo. R. Gov. Bar Jud. 4-1.2(a). Should such explicit authorization for this suit and for the damages be lacking in advance of filing the Complaint from "Henley" or any other Plaintiff, the action cannot proceed.

7. For further answer and affirmative defense, Defendant states that logic suggest Plaintiffs would only file suit against individuals convicted of a predicate 18 U.S.C. ¶ 2255 offense who also might have the ability to pay some or all of liquidated damages sought – as perhaps indicated by the fact that such defendants are represented in their criminal case by retained counsel (as was the circumstance for the Defendant) rather than the Federal Public Defender or "C.J.A. panel" counsel. Any statute that allows such differential treatment by virtue of socioeconomic status violates Defendant's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Defendant, Michael Milliman, respectfully prays that this Court enter judgment in his favor, along with such other and further relief as this Court deems just and proper.

Dated: April 25, 2023	**STINSON LLP**

By: ___*/s/ James D. Bass*___
James D. Bass, MO 32913
7700 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105
Telephone: (314) 719-3044
james.bass@stinson.com


**ATTORNEY FOR DEFENDANT**


**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on April 25, 2023, the above and foregoing was filed with the Clerk of the Court through the CM/ECF system, which will send electronic notification to all counsel of record.

*/s/ James D. Bass*
**ATTORNEY FOR DEFENDANT**