# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| LILY LNU, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 6:22-cv-03329-MDH |
| ) | |
| MICHAEL MILLIMAN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Proceed Using Pseudonyms. (Doc. 3). Plaintiffs seek civil damages from a criminal defendant convicted of possessing pornographic images of Plaintiffs as children. Plaintiffs filed their present Motion December 28, 2022. This matter was transferred to the undersigned March 22, 2023. Defendant has not responded to Plaintiff's present Motion.

This Court finds the risk of severe harm to Plaintiffs of proceeding without pseudonyms is significant. Each Plaintiff alleges various types of sexual abuse and exploitation from early ages. Plaintiffs allege this abuse was memorialized in the form of photographs and videos, which were in turn shared widely on the internet. Plaintiffs argue many of these images and videos remain available for viewing on the internet, despite removal attempts of law enforcement.

Publicly associating through court filings any individual with images depicting various forms of sexual activity, may reasonably lead to "injury, ridicule or personal embarrassment" for the people depicted as well as their friends and family members. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (upholding anonymity when need for privacy outweighs prejudice to the opposing party and public interest). This is particularly true where, as here, the images and videos depict nonconsensual sexual activity involving children. Put differently,

disclosure of Plaintiffs' names in court filings, which necessarily involves risk of association between Plaintiffs themselves and their images share illegally online, constitutes disclosure of "information of the upmost intimacy." *Doe v. United States*, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016) (quoting *In re Ashley Madison Customer Data Sec. Breach Litig.*, No. 2669, 2016 WL 1366616, at *2 (E.D. Mo. Apr. 6, 2016)) (pseudonyms permissible when proceeding with legal names would involve disclosure of "information of upmost intimacy"). Further, it remains unclear to this Court how Defendant would suffer any risk of prejudice by virtue of Plaintiffs proceeding under pseudonyms. It is also unclear what if any public interests would be jeopardized by allowing Plaintiffs to proceed under pseudonyms. While the public conceivably has a First Amendment right to access court proceedings, this right is not absolute.

On balance, it appears clear to this Court that, should Plaintiffs proceed under their legal names, risk of harm and embarrassment to Plaintiffs is significant, outweighing any risk of prejudice to Defendant and public interest, which remains *de minimis* at most.

## CONCLUSION

Plaintiff's Motion to Proceed Using Pseudonyms is **GRANTED**. To the extent either party believes a future filing requires disclosure of Plaintiffs' names or other potentially identifying information, it is **FURTHER ORDERED** that party must seek leave from this Court to file such information under seal.

 **IT IS SO ORDERED.**

DATED:	May 17, 2023

       */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**